NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEONARD R. DAVIS,**

*Petitioner-Appellant,*

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**

*Respondent-Appellee.*

---

2010-5135

---

Appeal from the United States Court of Federal Claims in case no. 09-VV-346, Senior Judge Eric G. Bruggink.

---

Decided: February 14, 2011

---

PATRICIA FINN, Patricia Finn Attorney, P.C., of Piermont, New York, for petitioner-appellant.

HEATHER L. PEARLMAN, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, TIMOTHY P. GARREN, Director, MARK W. ROGERS, Deputy

Director, GABRIELLE M. FIELDING, Assistant Director, and TRACI R. PATTON, Trial Attorney.

———————

Before LOURIE, MAYER, and GAJARSA, *Circuit Judges.*

PER CURIAM.

Leonard R. Davis appeals a judgment of the United States Court of Federal Claims denying his petition for review of a special master's decision dismissing his claim for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"). *See Davis v. Sec'y of Health & Human Servs.*, No. 09-VV-346 (Ct. Fed. Cl. May 12, 2010) ("*Court of Federal Claims Decision*"). We *affirm*.

I.

Davis received an influenza vaccination on November 13, 2003. He visited the emergency room at his local hospital several times over the next two days, complaining of chest pain and other ailments. Davis continued to seek medical attention for multiple symptoms including "chest pain and heart trouble" throughout 2005. *Davis v. Sec'y of Health & Human Servs.*, No. 09-0346V, 2009 U.S. Claims LEXIS 718, at *2 (Fed. Cl. Spec. Mstr. Dec. 18, 2009) ("*Vaccine Court Decision*"). Davis "began associating the symptoms with his vaccination as early as February 2005." *Id.*

On May 28, 2009, Davis filed a petition seeking compensation under the Vaccine Act. He contended that he suffered from "muscle weakness, rapid heart rate, brain fog, lightheadedness, and heightened levels of mercury" as a result of the flu vaccine he had received in 2003. He also asserted that in April 2008, he had undergone laboratory testing to check his metal levels and that these

tests indicated that he had "somewhat high levels of mercury, lead, and other metals."

On July 17, 2009, the government filed a motion to dismiss the petition, arguing that it was barred by the Vaccine Act's statute of limitations. In response, Davis contended that his petition was timely because it was filed within three years of the onset of his alleged mercury toxicity. The special master, however, rejected this argument, concluding that if Davis suffered from vaccine-related mercury toxicity, the introduction of mercury into his "system was accomplished at the time of the vaccine's administration." *Vaccine Court Decision*, 2009 U.S. Claims LEXIS 718, at *14.

The special master noted that two separate time limits apply to Vaccine Act claims. *Id.* at *4-7. Pursuant to 42 U.S.C. § 300aa-16(a)(2), if a claimant suffers an injury from a vaccine listed on the Vaccine Injury Table, he must file his claim within three years after the date of the "onset" or "manifestation" of vaccine-related symptoms. Pursuant to 42 U.S.C. § 300aa-16(b), however, if a claimant "has received a vaccine that is subsequently added to the Table, the petitioner may file the petition pertaining thereto within two years of that addition, but may only do so if the vaccine at issue was received eight years or less before that addition." *Vaccine Court Decision*, 2009 U.S. Claims LEXIS 718, at *6. Because Davis did not file his petition within three years of the onset of his symptoms— or within two years of the time the influenza vaccine was added to the Vaccine Injury Table—the special master concluded that Davis' petition was "patently untimely." *Id.* at *14.

On January 19, 2010, Davis filed a motion for review of the special master's decision with the Court of Federal Claims. He argued that the time limits for filing a claim

under the Vaccine Act were unconstitutional because they were ambiguous and unreasonably short.

In a thorough and well-reasoned opinion, the Court of Federal Claims rejected Davis' arguments and dismissed his petition. The trial court determined that Davis had waived the right to challenge the constitutionality of the Vaccine Act's statute of limitations because he had failed to raise the issue before the special master. *Court of Federal Claims Decision*, slip op. at 4. The court concluded, moreover, that the time limits set forth in sections 16(a)(2) and 16(b) "passe[d] constitutional muster" because they were "reasonably related to a permissible government goal." *Court of Federal Claims Decision*, slip op. at 5. The court explained that the three-year time limit set out in section 16(a)(2) was designed "to provide sufficient time for proper diagnosis of injury prior to filing." The time limit set forth in section 16(b), by contrast, was designed to give claimants a two-year "grace period" for filing suit in situations where a new vaccine is added to the Vaccine Injury Table. *Id.* (internal quotation marks omitted). Both of these time limits, the trial court concluded, were "rationally related to the Vaccine Act's dual objective[s] of achieving expeditious resolution of claims and protecting manufacturers from uncertain tort liability." *Id.* at 6 (citations and internal quotation marks omitted).

Davis then timely appealed to this court. We have jurisdiction under 42 U.S.C. § 300aa-12(f).

## II.

On appeal, Davis advances several arguments in support of his contention that the time limits for filing suit under the Vaccine Act are unconstitutional. Because he failed to raise these arguments before the special master, however, he is precluded from asserting them here. *See*

*Weddel v. Sec'y of Health & Human Servs.*, 23 F.3d 388, 390 n.2 (Fed. Cir. 1994); *Jay v. Sec'y of Health & Human Servs.*, 998 F.2d 979, 983 n.4 (Fed. Cir. 1993). Although Davis' attorney argues that she orally raised the issue of whether the Vaccine Act's statute of limitations is constitutional in a status conference with the special master, she provides no citation to the record in support of her assertion. Under Vaccine Rule 8(f)(1), any argument that is "not raised specifically *in the record* before the special master will be considered waived and cannot be raised by either party in proceedings on review of a special master's decision." Rules of the U.S. Ct. of Fed. Cl., Vaccine Act Rule 8(f)(1) (emphasis added). Because Davis' counsel points to nothing in the record establishing that arguments related to the constitutionality of the Vaccine Act's time limits were adequately presented to the special master, we decline to consider those arguments on appeal. *See Jay*, 998 F.2d at 983 n.4 (Even where claimants raised an issue in their Vaccine Act petition, it would not be considered on appeal because the claimants "did not pursue or defend the [issue] either in their case in chief or on motions for summary judgment."); *see also Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

Furthermore, although we conclude that Davis waived the right to present constitutional challenges to the Vaccine Act's time limits, we note that this court has previously rejected arguments that the Vaccine Act is unconstitutional. *See Black v. Sec'y of Health & Human Servs.*, 93 F.3d 781, 788-90 (Fed. Cir. 1996). Because the Act "does not implicate any fundamental right," its provisions will not be deemed unconstitutional if they are rationally related to legitimate government objectives. *Id.* at 787 (citations and internal quotation marks omitted).

Here, as the Court of Federal Claims correctly recognized, the time limits set out in the Vaccine Act are rationally related to Congress' goal of providing expeditious resolution of vaccine-related claims. *See Brice v. Sec'y of Health & Human Servs.*, 240 F.3d 1367, 1373 (Fed. Cir. 2001) (emphasizing that Congress' objective in passing the Vaccine Act was "to settle claims quickly and easily").